IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | No. 1:17cr116-HSO-JCG-1 |
| | § | |
| | § | |
| HORACE M. RUTLEDGE, JR. | § | |

ORDER DENYING DEFENDANT HORACE M. RUTLEDGE, JR.'S MOTION
[100] FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is Defendant Horace M. Rutledge, Jr.'s Motion [100] for Compassionate Release. Because Defendant has not shown that there are extraordinary and compelling reasons justifying his release, the Court finds that this Motion [100] should be denied.

I. <u>BACKGROUND</u>

Pursuant to a written Plea Agreement [59] with the Government, on May 17, 2018, Defendant Horace M. Rutledge, Jr. ("Defendant") pleaded guilty to Count 1 of the Superseding Indictment [24] in this case, which charged that Defendant,

> having been convicted previously of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm which had previously been shipped and transported in and affecting interstate commerce.
>
> In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a).

Superseding Indictment [24] at 1. On September 11, 2018, the Court sentenced Defendant to serve a period of 120 months imprisonment followed by a period of

three years supervised release, with a fine of $5,000.00 and a special assessment of $100.00. J. [70] at 2-3, 6. Defendant is currently incarcerated at Federal Correctional Institution, Ft. Dix Camp ("FCI Ft. Dix") on Joint Base MDL, New Jersey. Defendant filed the present Motion [100] for Compassionate Release on December 22, 2020, asserting that there are extraordinary and compelling reasons justifying his release, namely "imminent threat of serious bodily injury and/or death posed by his current conditions of confinement," and that he is "actually innocent" in light of the United States Supreme Court decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Mot. [100] at 2. Defendant contends that "there is currently a coronavirus outbreak at FCI Ft. Dix that the Bureau of Prisons[] has taken steps to downplay," with "hundreds of inmates" testing positive for COVID-19. *Id.* at 3.

Defendant contends that he submitted a request for compassionate release to the Warden of FCI Ft. Dix on November 2, 2020, and that he had not received a response as of the date of filing the Motion. *Id.* at 4; Ex. B. [100-2].[1] Defendant maintains that "there is a substantial likelihood that the definite term of imprisonment imposed by the Court will be transformed into a life and/or death sentence" given the alleged outbreak of coronavirus at FCI Ft. Dix. Mot. [100] at 4. Defendant further asserts that the Supreme Court's decision in *Rehaif* establishes his actual innocence and thus constitutes an extraordinary and compelling reason justifying his release.[2] *See id.* at 5-9.

---

[1] Defendant claims that he has exhausted his administrative remedies and the Government has not disputed that claim in its Response. The Court will thus consider the merits of Defendant's Motion.
[2] Defendant has previously raised his actual innocence claim to the Court in his Motion [97] for Reconsideration of the Court's denial of his Motion [85] to Vacate pursuant to 28 U.S.C. § 2255. The

The Government contends in its Response [106] that "Defendant has not shown that he has any medical conditions that would qualify as extraordinary or compelling," nor has he shown "that he is more likely to contract COVID-19 in prison than outside of prison." Resp. [106] at 5. The Government asserts that the "mere existence" of COVID-19 at FCI Ft. Dix does not provide a basis for sentence reduction under the United States Sentencing Guidelines ("U.S.S.G."), as Defendant is 46 years old and has not asserted that he is currently suffering from any health issues that would increase his risk of contracting COVID-19. *Id.* at 9-11. In the Government's view, "Defendant would pose a danger to public safety if released," and "on that basis alone," the Court should deny him release. *Id.* at 11 (citing 18 U.S.C. § 3553(a)).

With respect to Defendant's arguments of actual innocence, the Government responds that *Rehaif* does not apply retroactively to Defendant and that he waived his right to collaterally attack his conviction when he entered into his Plea Agreement. *Id.* at 6.

In his Reply [111], Defendant points to the number of diagnosed active cases of COVID-19 at FCI Ft. Dix and the fact that an inmate died while infected "less than a week ago." Reply [111] at 2. He contends that the "serious rate of infection is

---

Court rejected the argument because Defendant had not applied to the United States Court of Appeals for the Fifth Circuit for authorization to pursue a second or successive § 2255 petition. Order [98] at 7-8. Defendant again raised the argument in a second Motion [102] for Reconsideration, which the Court denied for the same reasons articulated in its previous Order [98]. Text Only Order, Jan. 11, 2021. To date, Defendant has not received authorization from the Fifth Circuit to pursue a second or successive § 2255 petition, and the denial of his initial § 2255 is currently on appeal. For this reason, to the extent Defendant's request for compassionate release on the basis of actual innocence can be construed as a second or successive § 2255 petition, the Court lacks jurisdiction to entertain it.

almost certain to expose Defendant to the virus," and that release from incarceration would "not only protect [Defendant] from these conditions, but would allow BOP to lower the population density at its facilities, thereby reducing the spread of COVID-19[.]" *Id.* at 3. Pointing to his age, race, and health conditions, namely "a history of pneumonia with collapsed lung" and a diagnosis for varicella zoster virus, Defendant maintains that he "is unable to take appropriate precautions to protect himself from the risk of COVID-19 at FCI Ft. Dix." *Id.* at 5. Defendant disputes the Government's assertion that he is a danger to the public, noting that "any risk of danger associated with sentence reduction can be mitigated by the Court's original sentence" imposing conditions on Defendant's supervised release. *Id.* at 8. Finally, Defendant argues that his status as a nonviolent offender with no identifiable victims of his offense weighs in favor of his release, in addition to support from his family, with whom he plans to reside should he be released. *Id.* at 10.

## II. <u>DISCUSSION</u>

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant policy statement issued by the Sentencing Commission appears in U.S.S.G. § 1B1.13. *See id.* § 1B1.13 p.s.; *see also United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir.

4

2020) (citing U.S.S.G. § 1B1.13 p.s.).  Under § 1B1.13(1)(A), a reduction is
appropriate when a court determines that extraordinary and compelling reasons
warrant a reduction, and the defendant is not a danger to the safety of any other
person or the community. *Id.*

According to Application Note 1 of § 1B1.13 of the Sentencing Guidelines, the
following are deemed extraordinary and compelling reasons warranting a sentence
reduction: (1) the defendant's medical condition; (2) the defendant's age; (3) family
circumstances; or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1. With respect to a
defendant's medical condition, the Application Note contemplates terminal
illnesses, serious physical or medical conditions, serious functional or cognitive
impairments, or deteriorating physical or mental health because of the aging
process, that "substantially diminishes the ability of the defendant to provide self-
care within the environment of a correctional facility and from which he or she is
not expected  to recover." *Id.* at cmt. n.1(A). "Other reasons" is a catchall category
defined as "extraordinary and compelling reasons other than, or in combination
with" medical condition, age, or family circumstances as "determined by the
Director of the Bureau of Prisons." *Id.* at cmt. n.1(D).

Defendant has not specified any medical condition from which he currently
suffers, nor do his medical records reveal that he has been diagnosed with any
condition that would place him at risk of contracting COVID-19 or suffering severe
side effects should he contract the virus. *See* Ex. B [108] (filed under seal).
Defendant mentions that he has previously tested positive for varicella zoster virus,

a pre-cursor to chickenpox and shingles, but his medical records indicate that he was tested for the virus in December 2019, over one year ago. *Id.* at 48, 60. Defendant's basis for requesting compassionate release appears to be a generalized fear of contracting COVID-19, not exacerbated by any underlying, pre-existing health condition.

Courts to have considered this question agree that generalized concerns of contracting COVID-19 do not constitute "extraordinary and compelling reasons" justifying release. *See, e.g.*, *United States v. Perez-Serrano*, No. CR 5:13-CV-2-DCB-LRA, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020); *United States v. Wright*, No. CR 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020); *United States v. Ayala-Calderon*, No. 419CR00276ALMKPJ, 2020 WL 1812587, at *2 (E.D. Tex. Apr. 8, 2020); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020); *see also United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Fitzgerald*, No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020). This must be the rule because if it were otherwise and courts were required to release every prisoner with a fear or risk of contracting COVID-19, the courts "would then be obligated to release every prisoner." *Wright*, 2020 WL 1976828, at *5.

The Court has not located any Fifth Circuit precedent directly addressing this question, but the United States Court of Appeals for the Third Circuit has cited

this logic approvingly and noted that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Court finds this logic persuasive and that it should apply with equal force to this case. Defendant's generalized concern of contracting COVID-19 is not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

Nor has Defendant demonstrated that the factors under 18 U.S.C. § 3553(a) weigh in favor of his early release.

> These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*Chambliss*, 948 F.3d at 693 n.3 (citing 18 U.S.C. § 3553(a)). Defendant notes that he is a nonviolent offender and that he would be supported by family members in finding a place to live and procuring employment should he be granted compassionate release. Reply [111] at 9.

Defendant is currently serving a 120-month sentence of imprisonment, of which he has completed only roughly 2.5 years, or thirty-three percent. *Id.* at 1. His projected release date is April 1, 2026. At the time of sentencing, the Presentence

Investigation Report ("PSR") reflected that Defendant's offense level was a 35, and his criminal history was a level I, having been previously been convicted of various offenses including criminal possession of a weapon, criminal sale of a firearm, criminal impersonation, and aggravated unlicensed operation of a motor vehicle. Presentence Investigation Report [82] at 14-16 (filed under seal).

Defendant was convicted of a serious offense in this case and the sentence imposed reflects the seriousness of the offense, as well as the need for deterrence and protection of the public under § 3553(a). The nature and circumstances of the offense of conviction, as well as the seriousness of the offense, and the need to protect the public, weigh against a reduction in sentence based upon consideration of the § 3553(a) factors. Defendant's Motion [100] should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Horace M. Rutledge, Jr.'s Motion [100] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 29th day of January, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE